UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MATTHEW BROWN,

               Plaintiff/Counter-Defendant,

v.                                            Case No. 10-14442
                                                    Honorable Denise Page Hood
WALGREENS INCOME PROTECTION PLAN
FOR STORE MANAGERS, WALGREEN CO.,
and METROPOLITAN LIFE INSURANCE
COMPANY,

               Defendants/Counter-Plaintiffs.

_____/

## ORDER DENYING DEFENDANTS' MOTION TO DISMISS AND DENYING PLAINTIFF'S MOTION TO PERMIT DISCOVERY

**I.   INTRODUCTION**

      This action involves denial of disability benefits under an Employee Retirement Income Securities Act ("ERISA") regulated plan. Now before the Court is Defendants' motion to dismiss [**Docket No. 29, filed June 22, 2011**]. Oral arguments were heard on September 21, 2011. The matter has been fully briefed and is now appropriate for determination. For the reasons stated below, Defendants' motion to dismiss is **DENIED** and Plaintiff's motion to permit discovery is **DENIED**.

**II.   STATEMENT OF FACTS**

      Plaintiff, a Michigan resident, is a former store manager employed by Walgreens who participated in the Walgreens Income Protection Plan for Store Managers (the "Plan"). Amend. Compl. ¶ 1; Def.'s Mot. Dismiss at 2. The Plan is an ERISA program providing group disability benefits to Walgreens employees. Amend. Comp. ¶ 3. Defendant Metropolitan Life Insurance

1

Company is the claims administrator of the Plan. Amend. Compl. ¶ 2; Amend. Ans. ¶ 3; Def.'s Mot. Dismiss at 2.

The Plan provides that Plaintiff would be eligible for Long Term Disability ("LTD") the day after he completed the Elimination Period. Def.'s Mot. Dismiss Ex. A. The Elimination Period is 180 days of disability in a consecutive 365-day period. Def.'s Mot. Dismiss. Ex. A. The Plan requires that Plaintiff submit proof of disability three months after the Elimination Period. *Id.* Benefits are payable if due to sickness, pregnancy, or accidental injury, Plaintiff is unable to earn more than 80 percent of occupation earnings for the first 24 months, and no more than 60 percent of pre-disability earnings at any gainful occupation after 24 months of disability. *Id.*

Plaintiff last worked on December 29, 2005 and his first date of disability was December 30, 2005. Def.'s Mot. Dismiss at 2. Plaintiff received Short Term Disability ("STD") for six months. Def.'s Mot. Dismiss at 2. Plaintiff received benefits under the Plant from December 30, 2005 until December 30, 2007. Amend. Compl. ¶17; Ans. Amend. Compl. ¶ 9. The Social Security Administration denied Plaintiff's application for Social Security Disability Insurance Benefits on November 30, 2006.  AR at 715-18. On August 28, 2007, an independent physician with a specialty in neurology opined that Plaintiff's medical condition did not preclude all work. Def.'s Mot. Dismiss Ex. B. On November 26, a vocational consultant opined that Plaintiff could perform the requirements of four jobs. Def.'s Mot. Dismiss Ex. C. After considering this information, Defendants advised Plaintiff that his benefits would be discontinued after December 29, 2007. Def.'s Mot. Dismiss at 3.

Plaintiff appealed the decision on May 6, 2008. An independent physician with a specialty in internal medicine reviewed the file and opined that Plaintiff's medical condition would not preclude him from his or any occupation. Def.'s Mot. Dismiss Ex. E. An independent

physician with a specialty in orthopedic surgery also reviewed the file and opined that Plaintiff could engage in full-time employment. Def.'s Mot. Dismiss Ex. F. Defendants upheld their original determination. Def.'s Mot. Dismiss at 4.

Plaintiff alleges that he experiences Dercums Disease, Chairi Malformation, Carpal Tunnel Syndrome, "multiple and ongoing surgical excisions of lipomas," paroxysmal vertical and sequella, which Plaintiff alleges have made it impossible for him to engage in all competitive work. He further alleges that he is unable to maintain concentration or function at a sedentary level for prolonged periods. Amend. Compl. ¶ 10, 11. Plaintiff further alleges that the Social Security Administration determined that he was totally disabled. *Id.* Plaintiff contends that he continues to have a qualifying disability and is unable to perform the material duties of his occupation or work any other reasonable occupation. Amend. Compl. ¶ 21.

## III. STANDARD OF REVIEW

A Federal Rule of Civil Procedure 12(b)(6) motion to dismiss tests a complaint's legal sufficiency. The Court must accept all factual allegations as true and review the complaint in the light most favorable to the plaintiff. *Eidson v. Tennessee Dep't of Children's Serv.*, 510 F.3d 631, 634 (6th Cir. 2007). The complaint must state sufficient "facts to state a claim to relief that is plausible on its face" to survive a motion to dismiss. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Dismissal is appropriate when the plaintiff is unable to prove any set of facts to support his claim that he is entitled to relief. *Varljen v. Cleveland Gear Co., Inc.*, 250 F.3d 426, 429 (6th Cir. 2001). Claims comprised of "labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic*, 550 U.S. at 555. Furthermore, "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to

draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1949 (2009).

Plaintiff argues that Defendants' motion is a motion for summary judgment and not a motion to dismiss because Defendants rely on documents outside the pleadings, specifically the administrative record. When presented with a motion to dismiss, the Court may consider the Complaint and exhibits attached to the Complaint, public records, items in the record of the case, and exhibits attached to the defendant's motion to dismiss as long as they are referenced in the Complaint and central to the plaintiff's claims. *Bassett v. Nat'l Collegiate Ass'n*, 528 F.3d 426, 430 (6th Cir. 2006). The Court may consider items that "verify the complaint" and do "not rebut, challenge, or contradict anything in the plaintiffs' complaint." *Song v. City of Elyria*, 985 F.2d 840, 842 (6th Cir. 1993); *see also Armengau v. Cline*, 7 Fed.Appx. 336, *5 (6th Cir. 2001) ("extrinsic materials [that] merely 'fill in the contours and details' of a complaint, …add nothing new and may be considered without converting the motion to one for summary judgment") (quoting *Yeary v. Goodwill Indus.-Knoxville, Inc.*, 107 F.3d 443, 445 (6th Cir. 1997)). The Court may also take note of matters to which it could take judicial notice. *Armengau*, 7 Fed.Appx. at *5. Accordingly, the Court will consider the administrative record when reviewing Defendant's motion under the Rule 12(b)(6) standard.

**IV.    ANALYSIS**

    **A.    Motion to Dismiss**

Defendants argue that Plaintiff's claims are barred by a contractual statute of limitations. A participant or beneficiary of an ERISA regulated plan may bring an action "to recover benefits due to him under the terms of his plan…" 29 U.S.C. § 1132(a)(1)(B). ERISA does not provide a statute of limitations for bringing such claims. When the plan does not contain any language

describing a statute of limitations, the court must apply the most analogous state law statute of limitations. *Meade v. Pension Appeals & Review Committee*, 966 F.2d 190, 195 (6th Cir. 1992) When a plan does provide a statute of limitations, the court must give effect to the provision as long as it is reasonable. *Morrison v. Marsh & McLennan Co.*, 439 F.3d 295, 301-02 (6th Cir. 2006); *see also Med. Mut. of Ohio v. k. Amalia Enters.*, 548 F.3d 383, 390 (6th Cir. 2008) ("choosing which statute to borrow is unnecessary when the parties have contractually agreed on a limitations period and that limitations period is reasonable"); *Doe v. Blue Cross & Blue Shield United*, 112 F.3d 869, 875 (7th Cir. 1997) (holding that contractual "limitations if reasonable are enforceable in suits under ERISA, regardless of state law"). The Sixth Circuit has upheld a three year contractual limitation period as reasonable. *See Morrison,* 439 F.3d 295. Not only is a three year contractual limitations period reasonable, but a Plan may also determine when a claim accrues. *See Rice v. Jefferson Pilot Fin. Ins. Co.*, 578 F.3d 450, 455-56 (6th Cir. 2009).

The Plan defines the Elimination Period as "180 days of Disability during any consecutive 365 day period." AR at 10. The Elimination period begins on the day the claimant becomes disabled. *Id.* at 14. Proof of disability is required "within 3 months after the end of [the claimant's] Elimination Period." *Id.* at 24. The Plan further provides that:

> No legal action of any kind may be filed against us:
> 1. within the 60 days after proof of Disability has been given; or
> 2. more than three years after proof of Disability must be filed. This will not apply if the law in the area where you live allows a longer period of time to file proof of disability.

*Id.* at 25. Essentially, Plaintiff's claim accrues 270 days after disability is determined. Plaintiff then has a three year window to file an action. Plaintiff's disability began December 30, 2005. His elimination period ended on June 28, 2006. He was required to provide proof of disability three months after the Elimination Period, which was September 28, 2006. Plaintiff was

contractually obligated to file any legal action within three years of filing of the proof of disability, which was before September 28, 2009. Plaintiff did not commence the present action until November 6, 2010, over a year after the contractual statute of limitations expired.

Plaintiff argues that the applicable statute of limitations is six year as applied for a breach of contract dispute under Michigan law. Plaintiff argues the contractual limitation of three years is unreasonable because it was never disclosed. He contends that, despite his requests, he was never provided the formal Plan identifying the contractual limitation. He further argues that Defendant is estopped from applying the contractual limitations because the summary plan descriptions ("SPD") did not contain the contractual limitation.[1]

Here, the SPD does not contain the applicable contractual limitations period. If terms in the SPD conflict with those in the Plan documents, the SPD terms control. *Edwards v. State Farm Mut. Auto. Ins. Co.*, 851 F.2d 134, 136 (6th Cir. 1988) ("It is of no effect to publish and distribute a plan summary booklet designed to simplify and explain a voluminous and complex document and then proclaim that any inconsistencies will be governed by the plan. Unfairness will flow to the employee for reasonably relying on the summary booklet") (quoting *McKnight v. S. Life and Health Ins. Co.*, 758 F.2d 1566, 1570 (11th Cir.1985)); *see* also *Helwig v. Kelsey-Hayes Co*., 93 F.3d 243, 247 (6th Cir. 1996) (noting that "it is the employer's duty to put the employees on notice of their rights under the plan, and if they fail to adequately do so, they will be precluded from enforcing plan language which conflicts with summary description language to the detriment of their employees.") *Edwards* requires more than a mere inconsistency; the SPD and the Plan must directly conflict. *Valeck v. Watson Wyatt & Co*., 92 Fed.Appx. 270, 272 (6th Cir. 2004). "The summary will trump the actual plan when employees could reasonably rely

---

[1] Plaintiff admits that he requested a copy of the plan by certified mail to the Plan Administrator and not the address designated for plan document requests.

on the summary to their detriment, and the employer is estopped from stating rights in the summary and not honoring that statement." *Coleman v. Aegon Ins. Group*, 71 F.Supp.2d 714, 718 (W.D. Ky. 1999). "An omission from the summary plan description does not, by negative implication, alter the terms of the plan itself." *Sprague v. General Motors Corp.*, 133 F.3d 388, 401 (6th Cir. 1998). A SPD, by its very nature, cannot include very detail of the plan which it summarizes. *Id.*

However, where the SPD fails to include information that it is required to include, it appears that the SPD's silence would directly conflict with the plan language. *See Helwig*, 93 F.3d at 249-50 (reasoning that "employers may not construct [summary plan descriptions] in such a manner that they mislead employees into thinking they have a right to benefits when other documents obliquely negate those rights"). ERISA provides that a SPD must, in relevant part, include "a description of the provisions providing for nonforfeitable pension benefits; circumstances which may result in disqualification, ineligibility, or denial or loss of benefits…" 29 U.S.C. § 1022(b).  ERISA regulations also provide that the SPD must describe "[t]he procedures governing clams for benefits…[including] applicable time limits." 29 C.F.R. § 2520.102-3(s).

Defendants argue that ERISA does not require contractual limitation periods to be included in the SPD, but requires Defendants to include a procedure for participants to obtain documents, which Defendants have done. Defendants rely on *Clark v. NBD Bank, NA*, 3 Fed.Appx. 500 (6th Cir. 2001), for the proposition that it is not required to include its contractual limitations period in the SPD. The Court finds Defendant's reliance on *Clark* misplaced. In *Clark*, the issue before the Sixth Circuit was whether equitable tolling applied. In determining that equitable tolling did not apply, the court reasoned that the plaintiff had constructive notice of

the filing deadlines because the SPD explained how to request plan documents. 3 Fed.Appx. at 504-05. The court did not decide whether a SPD should include any applicable contractual limitation. The court also emphasized that the plaintiff waited almost three years after learning about the contractual limitation to file suit. *Id.* at 505. Here, the SPD provided to Plaintiff included different information regarding where to request the Plan documents.[2] Plaintiff is not imputed with constructive notice when he was in possession of two separate SPDs.

The Court finds that the SPD and the Plan language conflict. Defendant must include the contractual limitations period in its SPD because the application of such limitation "may result in disqualification, ineligibility, or denial or loss of benefits." 29 U.S.C. § 1022(b). The contractual limitation is an integral part of the Plan and Plaintiff's failure to comply would result in possible loss of benefits; it is reasonable that Plaintiff would rely on the SPD's silence in determining when he could file a cause of action. The contractual limitation is an essential part of the Plan and must be included in the SPD. Given that the language in the SPD and Plan conflict, the SPD language controls. The SPD does not include a contractual limitation period so the most analogous state statute of limitations would apply.

Defendant suggests that the most analogous state limitations period is that governing disability insurance benefits. *See* M.C.L. 500.3422 ("No [legal] action shall be brought after the expiration of 3 years after the time written proof of loss is required to be furnished"); *see also Gipson v. Life Ins. Co. of North America*, 529 F.Supp. 224, 225 -226 (E.D. Mich. 1981) (finding that a statute of limitation of three years applied for disability policies under Michigan law). However, the Sixth Circuit has held that the most analogous statute of limitations is that

---

[2] The 05/03 summary plan description directs the Plaintiff to request documents from the Employees Relations Department at Walgreens Co at an address in Illinois (AR 954). A second summary plan description directs Plaintiff to call the Director of Insurance and Risk Management (AR 51). Plaintiff contacted MetLife on January 30, 2008 and requested a copy of the plan documents and was informed he must contact Walgreens (AR 234).

governing breach of contract. *See Meade*, 966 F.2d at 195 ("Consistent with other circuits that have addressed this issue, we find that the most analogous Ohio statute of limitations is that provision applicable to breach of contract claims"). In *Nolan v. Aetna Life Insurance Company,* the district court rejected Defendant's argument and held that "Michigan's six year period of limitations for breach of contract, prescribed by M.C.L. § 600.5807(8), applies to an action brought under 29 U.S.C. § 1132(a)(1)(B)." 588 F.Supp. 1375, 1378-79 (E.D. Mich. 1984) (internal quotations omitted) ("The court, however, rejects defendant's argument that M.C.L. § 500.3422 is the most analogous state *statute of limitations,* for the simple reason that, by its own language, that statute is not a statute of limitations"). The Court finds that Plaintiff's action was filed within the statutory period and not time barred.

      **B.**      **Motion to Permit Discovery**

Plaintiff asks that the Court permit discovery. Plaintiff alleges that it has requested the Plan documents but Defendants have not submitted the requested documents. Plaintiff admitted that he requested the Plan from the Plan Administrator and not the address designated in the SPD for document requests. Plaintiff was instructed to submit his request to the appropriate address but has not indicated that he has followed these instructions. The Plan that Plaintiff requests is included in the administrative record (AR 1-31) and is attached as an exhibit to Defendant's response to Plaintiff's motion to permit discovery. Plaintiff's request to permit discovery is denied. He has not followed the instructions in the SPD to obtain the Plan and the Plan is included in the administrative record that was provided to the Court. Plaintiff has what he needs to proceed.

**V.**      **CONCLUSION**

For the reasons stated above,

**IT IS ORDERED** that the Defendant's Motion to Dismiss **[Docket No. 29, filed June 22, 2011]** is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Permit Discovery **[Docket No. 38, filed September 19, 2011]** is **DENIED**.

S/Denise Page Hood  
Denise Page Hood  
United States District Judge

Dated:  March 29, 2012

I hereby certify that a copy of the foregoing document was served upon counsel of record on March 29, 2012, by electronic and/or ordinary mail.

S/LaShawn R. Saulsberry  
Case Manager