UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MATTHEW BROWN,

    Plaintiff/ Counter-Defendant,

                                     Civil Action No. 10-CV-14442

v.                                         Honorable Denise Page Hood

WALGREENS INCOME PROTECTIVE
PLAN FOR STORE MANAGERS,
WALGREEN CO., and METROPOLITAN
LIFE INSURANCE COMPANY,

    Defendants/ Counter-Plaintiffs.
_____/

## AMENDED ORDER GRANTING DEFENDANTS' MOTION FOR RECONSIDERATION AND DISMISSING THE COMPLAINT, AND NOTICE OF HEARING FOR COUNTERCLAIM SCHEDULING CONFERENCE

On June 22, 2011, Defendants filed a Motion to Dismiss arguing that Plaintiff's claims were barred by the contractual statute of limitations, which precluded the filing of a legal action when three years lapsed after proof of disability was filed. After lengthy briefing, the Court denied Defendants' Motion to Dismiss. The Court found that the Walgreens Income Protection Plan for Store Managers (Plan) and the Summary Plan Description (SPD) conflicted because the SPD did not include information on the contractual limitations period. The Court then applied the Michigan statute of limitations for breach of contract and found that Plaintiff's action was not time barred. For the reasons stated below, Defendants Motion for Reconsideration is granted. Accordingly, Defendants' Motion to Dismiss is granted and Plaintiff's Complaint is dismissed in its entirety as time barred.

Eastern District of Michigan Local Rule 7.1(h) allows a party to file a motion for reconsideration within 14 days after entry of judgment or order. E.D. Mich. L.R. 7.1(h)(1). No

response or oral argument is allowed unless the Court orders otherwise. E.D. Mich. L.R. 7(h)(2). Pursuant to Rule 7.1(h)(3) "the court will not grant motions for rehearing or reconsideration that merely present the same issues ruled upon by the court, either expressly or by reasonable implication." A motion for reconsideration is only proper if the movant shows that the court and the parties were misled by a "palpable defect." E.D. Mich. L.R. 7.1(h)(3). A "palpable defect" is a "defect which is obvious, clear, unmistakable, manifest, or plain." *Olson v. The Home Depot*, 321 F.Supp.2d 872, 874 (E.D. Mich. 2004). The movant must also demonstrate that the disposition of the case would be different if the palpable defect were cured. E. D. Mich. L.R. 7.1(h)(3). Defendants' motion is timely and the Court will not require a response or oral argument on this matter.

After reviewing Defendants' motion for reconsideration, the Court agrees with Defendants' conclusion that there is no conflict between the Plan and SPD language. The Sixth Circuit has held that when the terms of the SPD conflict with those contained in the Plan documents, the SPD language controls. *Edwards v. State Farm Mut. Auto. Ins. Co.*, 851 F.2d 134, 136 (6th Cir. 1988). However, the rational in *Edwards* does not apply when the SPD is silent. *See Sprague v. General Motors Corp.*, 133 F.3d 388 (6th Cir. 1998). "An omission from the summary plan description does not, by negative implication, alter the terms of the plan itself." *Id.* at 401. Furthermore, the Supreme Court has recently explained "that the summary documents . . . provide communication with beneficiaries *about* the plan, but . . . their statements do not themselves constitute the *terms* of the plan for the purposes of § 502(a)(1)(B)." *CIGNA Corp. v. Amara*, 131 S.Ct. 1866, 1878 (2011). Necessarily, Plaintiff cannot justifiably rely on the SPD for the governing provisions of the insurance plan. Although the SPD does not contain the limitations period, its silence does not

constitute a conflict with the Plan language. The SPD is merely a summary and the Court must apply the language in the Plan, including its contractual limitations period. *See Rice v. Jefferson Pilot Financial Ins. Co.*, 578 F.3d 450 (6th Cir. 2009); *Clark v. NBD Bank*, 3 Fed. App'x 500 (6th Cir. 2001).

According to the Plan's language, Plaintiff is barred from filing an action more than three years after proof of disability was required. Plaintiff's claim accrued 270 days after determination of disability. Plaintiff's disability began on December 30, 2005. Proof of disability was required on September 28, 2006. Plaintiff then had three years to file an action in court, which was on or before September 28, 2009. Plaintiff did not file this action until November 6, 2010, well after the limitations period had lapsed. Plaintiff's Complaint is time barred.

Accordingly,

**IT IS ORDERED** that Defendants' Motion for Reconsideration [Docket No. 51, filed April 12, 2012] is **GRANTED**.

**IT IS FURTHER ORDERED** that Defendants' Motion to Dismiss [Docket No. 29, filed June 22, 2011] is **GRANTED**. The Amended Complaint [Docket No. 2, filed November 6, 2010] is **DISMISSED**.

**IT IS FURTHER ORDERED** that the parties appear for a scheduling conference on the counterclaim on **Monday, April 22, 2013** at **3:30 p.m.**

**IT IS SO ORDERED**.

                                             S/Denise Page Hood  
                                             Denise Page Hood  
                                             United States District Judge

Dated: March 15, 2013

I hereby certify that a copy of the foregoing document was served upon counsel of record on March 15, 2013, by electronic and/or ordinary mail.

                                                 S/LaShawn R. Saulsberry
                                                 Case Manager