**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

MATTHEW BROWN,

       Plaintiff/Counter-Defendant,

                                      Case No. 10-CV-14442
v.                                        Honorable Denise Page Hood

WALGREENS INCOME PROTECTION
PLAN FOR STORE MANAGERS,
WALGREEN CO., and METROPOLITAN
LIFE INSURANCE COMPANY,

       Defendants/Counter-Plaintiffs.
_____/

**ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION AND GRANTING DEFENDANTS' MOTION FOR LEAVE TO ALLOW RESPONSE TO PLAINTIFF'S MOTION FOR RESONSIDERATION**

This matter is before the Court on Plaintiff Matthew Brown's Motion for Reconsideration and Defendants Metropolitan Life Insurance Company and Walgreens Income Protection Plan for Store Managers' Motion for Leave to Allow a Response to Plaintiff's Motion for Reconsideration. For the reasons stated below, Plaintiff's Motion for Reconsideration is DENIED and Defendants' Motion for Leave is GRANTED.

Plaintiffs asks the Court to reconsider its March 15, 2013 Order Granting Defendants' Motion for Reconsideration and Granting Defendants' Motion to Dismiss. Pursuant to Local Rule 7.1(h), a party may file a motion for reconsideration within 14 days of a judgment or order. E.D. Mich. L.R. 7.1(h)(1). No response or oral argument is permissible on the motion for reconsideration absent a Court order otherwise. E.D. Mich. L.R. 7(h)(2). "[T]he court will not grant motions for rehearing or reconsideration that merely present the same issues ruled upon by the court, either expressly or by reasonable implication." E.D. Mich. L.R. 7.1(h)(3). Reconsideration is appropriate

if the movant satisfactorily shows that: (1) the existence of a palpable defect that misled the parties and the Court; and (2) the correction of which would result in a different disposition of the case. *Id.* A "palpable defect" is a "defect which is obvious, clear, unmistakable, manifest, or plain." *Olson v. The Home Depot*, 321 F.Supp.2d 872, 874 (E.D. Mich. 2004). Plaintiff has made a timely request for reconsideration. The Court grants Defendants leave to file a response to Plaintiff's motion for reconsideration. The Court, however, does not require oral argument on this matter.

Plaintiff contends that the Court did not have the correct governing plan document. Plaintiff has graciously attached what he comports is the correct plan document. Plaintiff provides a plan document that plainly states that it did not become effective until June 1, 2007. [Plaintiff's Motion for Reconsideration, Ex. 3, Docket No. 58, Pg ID 1690] Plaintiff's disability commenced on December 30, 2005. The plan document further states that it is not applicable to anyone who has a date of disability prior to June 1, 2007, which would include Plaintiff. [Id. at Pg ID 1696 ("if your first date of covered disability is prior to June 1, 2007 . . . [then] [i]n that case, all benefits payable after the first 24 months of your disability are the responsibility of, and payable by, Metlife."] The terms of a plan that explicitly provides that it is not applicable to Plaintiff are not tantamount to a palpable defect that mislead the Court. Given that the terms of the plan document that Plaintiff provides do not even apply to Plaintiff, the Court cannot find that the disposition of the case would change if the Court were to find that there was a palpable defect.

In the alternative, Plaintiff requests relief pursuant to Federal Rule of Civil Procedure 60(b). For the reasons stated above, the Court finds that Plaintiff has not provided any basis for relief from order. The Court's March 15, 2013 Order will stand.

Accordingly,

IT IS ORDERED that Plaintiff's Motion for Reconsideration or, in the alternative, Motion for Relief [Docket No. 58, filed March 28, 2013] is DENIED.

IT IS FURTHER ORDERED that Defendants' Motion for Leave to Allow a Response to Plaintiff's Motion for Reconsideration [Docket No. 59, filed April 3, 2013] is GRANTED.

IT IS SO ORDERED.


S/Denise Page Hood
Denise Page Hood
United States District Judge

Dated: July 9, 2013

I hereby certify that a copy of the foregoing document was served upon counsel of record on July 9, 2013, by electronic and/or ordinary mail.

S/LaShawn R. Saulsberry
Case Manager