UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MATTHEW BROWN,

      Plaintiff/Counter-Defendant,

v.

      Case No. 10-CV-14442
      Honorable Denise Page Hood

WALGREENS INCOME PROTECTION
PLAN FOR STORE MANAGERS,
WALGREEN CO., and METROPOLITAN
LIFE INSURANCE COMPANY,

      Defendants/Counter-Plaintiffs.
_____/

## ORDER GRANTING DEFENDANTS' MOTION TO RECOVER OVERPAYMENT [#64], DENYING PLAINTIFF'S MOTION FOR LEAVE TO FILE MOTION TO ASSESS PENALTIES [#61], AND CLOSING CASE

This matters comes before the Court on two separate motions: Defendants' Motion to Recover the Overpayment of Plan Benefits and Plaintiff's Motion for Leave to File Motion to Assess Penalties against Defendant Walgreen Co. The matter is now fully briefed. For the reasons stated in more detail below, Defendants/Counter-Plaintiffs' Motion to Recover the Overpayment of Plan Benefits Received By Plaintiff/Counter-Defendant **[Docket No. 64, filed May 23, 2013]** is **GRANTED**. Motion for Leave to File Motion to Assess Penalties Against Defendant Walgreen Co. Pursuant to 29 U.S.C. § 1132(c) **[Docket No. 61, filed May 6, 2013]** is **DENIED**.

Plaintiff/Counter-Defendant Matthew Brown filed this action against Defendants/Counter-Plaintiffs Metropolitan Life Insurance, Walgreen Co., and Walgreens Income Protection Plan for Store Managers on November 6, 2010. On March 4, 2011, Defendants filed a Counterclaim against Plaintiff for repaying of overpayment of long term disability benefits. On June 22, 2011, Defendants filed a motion to dismiss, which the Court denied on March 29, 2012. On March 14, 2013, the Court granted Defendants' motion for reconsideration and granted Defendants' motion to dismiss, dismissing Plaintiff's complaint. All that now remains is Defendants' counterclaim, which is now before the Court.

## II. ANALYSIS

Defendants argue that Plaintiff is obligated to repay $30,214.80 for overpayment of long term disability plan benefits pursuant to section 502(a)(3)(B)(ii) of the Employment Retirement Income Security Act, 29 U.S.C. §§ 1132(a)(3)(B)(ii). Pursuant to section 502(a)(3), a fiduciary may bring a civil action for equitable relief to enforce the provisions of the Plan. To qualify as equitable relief, the insurance plan must "identif[y] a particular fund, distinct from [the participant's] general assets" and the portion of that specified fund that the plan is entitled to receive. *Sereboff v. Mid Atl. Med. Servs., Inc.*, 547 U.S. 356, 364 (2006). "[S]trict tracing of funds is not required and the fund need not have been in existence when the contract was

executed." *Gilchrest v. UNUM Life Ins. Co. of Am.*, 255 Fed. Appx. 38, 44–45 (6th Cir. 2007) (citing *Sereboff*, 547 U.S. at 364–65). The Sixth Circuit has held that identifying the fund as overpayment of Social Security benefits is sufficient to satisfy *Sereboff*. *Id.* at 45–46.

The Plan provides that Defendants are entitled to reduce or offset plan benefits by other income that Plaintiff receives, such as social security benefits.[1] It further provides that Plaintiff must "sign a reimbursement agreement . . . [, which] states that [the participant] agree[s] to refund any benefit payments that may have been overpaid

---

[1]

In offering this plan, Walgreens goal is to provide you continuing income during your disability. If you receive disability or disability-related income from other sources, your benefits under this plan will be reduced, or offset, by the amount received as the primary benefit. The primary benefit amount is the amount you, the covered employee, receiver from other sources. This amount does not include benefits received from other sources for the benefit of eligible family members.

Your benefits under this plan will be reduced by the amount of benefits you are eligible to receive from other sources, such as:

- Social Security
- workers' compensation
- state-mandated or Commonwealth of Puerto Rico-mandated plans,
- any other disability plan which Walgreens sponsors or any other employer sponsors or contributes to,
- any award in a third party claim for a loss that caused or aggravated the disabling condition.
- 

**[Defendants' Motion to Recover, Docket No. 64, Ex. B, AR 937]**

by the Plan."[2] The agreement further reserved the right to recover overpayment by:

- reducing or offsetting against any future benefits payable to you or your survivors;
- stopping future benefit payments (including minimum benefits described on page 9) which would otherwise be due under this plan. Payments may continue when the overpayment has been recovered; or
- demanding immediate refund of the overpayment from you.

**[Defendants' Motion to Recover, Docket No. 64, Ex. B, AR 939]** The offset or reduction would not include any cost of living increases.

On September 12, 2006, Plaintiff signed the "Agreement to Reimburse

---

[2] You will be required to sign a reimbursement agreement to receive benefits under this plan. This agreement states that you agree to refund any benefit payments that may have been overpaid by the Plan. Walgreens or MetLife has the right to recover from you any amount that is determined to be an overpayment. You have the obligation to refund any such amount. Rights and obligations in this regard are also set forth in the reimbursement agreement you are required to sign when you become eligible for benefits under this plan. The agreement: (i) confirms that you will repay all overpayments; and (ii) authorizes Walgreens or Metlife to obtain any information relating to other income benefits.

An overpayment occurs when it is determined that the total amount paid on your claim is more than the total of the benefits due under this plan. This includes any overpayment resulting from:

- retroactive awards received from sources shown in the *Benefit Offset (Reductions)* section on page 6;
- fraud or misstatement; or
- any error made in processing your claim.
-

**[Defendants' Motion to Recover, Docket No. 64, Ex. B, AR 939]**

Overpayment of Long Term Disability Benefits" **[*Id.* at Ex. D, AR 776]** Plaintiff agreed to notify Defendants if he received disability benefits and to repay any overpayment. He further agreed to "repay MetLife in a single lump sum any overpayment on my Long Term Disability claim due to integration of retroactive Social Security Benefits." **[*Id.*]** Plaintiff began receiving social security disability insurance benefits in June 2006 and these continue until the present. For the period of June 2006 until October 2008, Plaintiff received a lump sum payment of $44,491.00. From June 2006 until December 2007, Plaintiff received long term disability benefits from the Plan totaling $51,624.00.

It would appear that Defendants' request for equitable relief, specifically for repayment of overpaid long term disability benefits is appropriate. The Plan provides that Defendants may recoup overpayment when Plaintiff receives social security benefits. The Plan language is clear that Defendants are entitled to a lump sum payment in the event that Plaintiff receives retroactive social security benefits. The Plan does not seek repayment from Plaintiff's general assets but rather from a specific pool of funds: overpaid benefits.

In response, Plaintiff again argues that Defendants have not relied on the right Plan. However, the Court rejected this argument in its Order Denying Plaintiff's Motion for Reconsideration. **[Docket No. 74, filed July 9, 2013]** Plaintiff argues that

he has not received any benefits; therefore, Defendants cannot claim an overpayment of what has not been received. He further notes that Defendants cannot attach his Social Security insurance benefits so the only pool of funds available would be overdue benefits, which Walgreens can get from MetLife. Defendants note, and the record demonstrates, that Plaintiff received disability benefits from the period of December 30, 2005, until December 30, 2007. During this time Plaintiff also received a lump sum payment of Social Security insurance benefits. Plaintiff is correct that the Court cannot place a lien on the Social Security benefits. *See* 42 U.S.C. § 407(a) ("The right of any person to any future payment under this subchapter shall not be transferable or assignable, at law or in equity, and none of the moneys paid or payable or rights existing under this subchapter shall be subject to execution, levy, attachment, garnishment, or other legal process . . . .") However, Defendants are not asking the Court to place a lien on Plaintiff's Social Security insurance benefits but, instead, to require repayment of overpaid long term disability benefits. Defendants' Motion to Recover Overpayment of Plan Benefits is **GRANTED**.

Plaintiff asks the Court for leave to file a motion to assess penalties against Defendant Walgreen Co. based on its alleged failure to provide the correct plan. The Court has already addressed this argument in its Order Denying Plaintiff's Motion for Reconsideration. Specifically, the Plan documents that Plaintiff requests have no

relevance to Plaintiff. Plaintiff's requested relief is **DENIED**.

Accordingly,

**IT IS ORDERED** that Defendants/Counter-Plaintiffs' Motion to Recover the Overpayment of Plan Benefits Received By Plaintiff/Counter-Defendant **[Docket No. 64, filed May 23, 2013]** is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Leave to File Motion to Assess Penalties Against Defendant Walgreen Co. Pursuant to 29 U.S.C. § 1132(c) **[Docket No. 61, filed May 6, 2013]** is **DENIED**.

**IT IS FURTHER ORDERED** that this case is **DISMISSED**.

**IT IS SO ORDERED**.

                                        S/Denise Page Hood
                                        Denise Page Hood
                                        United States District Judge

Dated: March 28, 2014

I hereby certify that a copy of the foregoing document was served upon counsel of record on March 28, 2014, by electronic and/or ordinary mail.

                                        S/LaShawn R. Saulsberry
                                        Case Manager